# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

UNITED STATES OF AMERICA,       )
          )
       Plaintiff,       )
          )
     vs.       )    Case No. 4:06CR00299 ERW
          )              (DDN)
RONALD THOMAS,       )
          )
       Defendant.       )

## MEMORANDUM AND ORDER

This matter is before the Court upon the Report and Recommendation of the United

States Magistrate David D. Noce [doc. #29] pursuant to 28 U.S.C. §636(b).  On September 5,

2006, Defendant filed an Objection to the Report and Recommendation [doc. #31].  The Report

and Recommendation recommends that Defendant Thomas' Motion to Suppress Evidence and

Statements [doc. #19] be denied.

"[W]hen a party objects to the report and recommendation of a magistrate judge

concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination

of those portions of the report or specified proposed findings or recommendations to which

objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28

U.S.C. § 636(b)(1)).  Defendant Thomas' Objection consists of six numbered paragraphs in which

he explains that he filed a motion to suppress evidence and statements, that the Magistrate Judge

held a hearing concerning his motion, and that the Magistrate Judge recommended that the

motion be denied.  The Defendant objects to the legal conclusions made by the Magistrate

concerning the sufficiency of the evidence to support a finding of probable cause to arrest the

1

defendant, which led to the search of his person and the finding of an illegal firearm. Def. Obj. at 5. The Defendant also objects to the admission of any statements made after the detention and search of the Defendant as they were the result of an illegal detention. The Court will review de novo the magistrate judge's proposed conclusions of law. *See* 28 U.S.C. §636(b)(1) (court must review de novo those portions of the report or specified findings to which objection is made). Like the Magistrate Judge, this Court finds that the arrest, search of the residence, and statements made by the defendant were lawful.

First, the Defendant objects to the stop and search of Defendant Thomas. His first objection is there was no "safety purpose" for the stop. Def.'s Obj. at 2. However, the support for the search of the Defendant was not safety, but rather a search incident to a lawful arrest. U.S. v. Robinson 414 U.S. 218, 235 (1973) ("a search incident to the arrest requires no additional justification"). In order to determine probable cause to arrest it is necessary to look at the totality of the circumstances. *United States v. Mendoza*, 421 F.3d 663, 667 (8th Cir., 2005). The 8th Circuit in *United States v. Sherrill*, found that based on the information provided in the search warrant, and in support of the search warrant, there was sufficient basis to believe that the suspect had committed or was committing an offense. 27 F.3d. 344, 346 (8th Cir., 1994). The court in *Sherrill* emphasized that it is not the subjective view of the arresting officer that determines probable cause, but rather the objective facts of the case. *Id.* at 347. In the present case the officer may have stated that he searched the suspect for safety purposes, however, the objective facts show that at the time of Defendant's detention there was probable cause to arrest. The information contained within the search warrant, and known to the police, provided the basis for probable cause. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir., 2006). The Magistrate

Judge found that the police acted on information from a reliable confidential informant, and that the information was corroborated in part by independent investigation. Further, the 8th Circuit has held that a search incident to arrest is valid whether it occurs before or after the suspect is taken into actual custody. *United States v. Skinner*, 412 F.2d 98, 103 (8th Cir. 1969).

The Defendant also objects to the finding that it was "open to speculation" whether the Defendant would have fled, as well as the finding that it was "open to less speculation" that the Defendant would have become violent. Def. Obj. at 3-4. However, these determinations by the Magistrate Judge were intended to show that there was not a sufficient basis for detaining the Defendant under *Michigan v. Summers*, 452 U.S. 692 (1981); they were not the basis of the Magistrate Judge's decision. The Defendant's objections are therefore misplaced.

Second, the Court agrees with the Magistrate's findings as to the validity of the search of Defendant's residence as it was conducted pursuant to a valid search warrant. The Defendant makes no specific objections to that search.

Finally, the Defendant objects to the Magistrate's findings that the statements made after Defendant was detained are admissible, as Defendant claims they are the fruits of an illegal detention and search of Defendant. Def. Obj. at 6. As the analysis above shows the Police acted lawfully in detaining and searching the Defendant and therefore the statements are not the fruits of an illegal detention. Although the Defendant did not object on the basis of a *Miranda* violation, this Court agrees with the Magistrate that the statements were made voluntarily and in accord with *Miranda*. Specifically, the first statement made by the Defendant "what's this about" was found to be made voluntarily and not in response to any interrogation. *United States v. Wood*, 545 F.2d 1124, 1127 (8th Cir. 1976). Additional statements made by the Defendant were made

after he had been read his *Miranda* rights and stated that he understood those rights.  By making the statements to Police, not in response to any interrogation, the Defendant waived his *Miranda* rights.  *United States v. Wood*, 545 F.2d 1124, 1127.

Accordingly, a de novo review of the magistrate judge's conclusions of law reveals that there is no basis upon which to suppress the evidence in this case because the evidence was lawfully obtained.  After review of the record and consideration of the issues, the Court hereby sustains, adopts, and incorporates herein the magistrate's Report and Recommendation, as supplemented by the above analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence and Statements [doc. #19] is **DENIED**.

Dated this <u>11th</u> Day of September, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE